D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BERNHARD BEHNKE,

                    Plaintiff,

              -against-

JOHN DOE, RICHARD ROE, individually
and as employees of the Nassau County
Sheriff's Department, COUNTY OF NASSAU,

                    Defendants.
-----------------------------------------------------------X

**ORDER**
11-CV-2206 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ FEB 08 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

On May 5, 2011, plaintiff Bernhard Behnke ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, alleging, inter alia, that he was "subjected . . . to an intrusive strip search." [Docket Entry No. 1]. On September 21, 2011, counsel appeared on plaintiff's behalf. [Docket Entry No. 15].

On November 29, 2011, defendant County of Nassau ("the County") moved to compel plaintiff's response to various discovery demands pursuant to Local Civil Rule 37.3. [Docket Entry No. 17]. Plaintiff did not oppose the motion. By order dated December 7, 2011, Magistrate Judge William D. Wall directed plaintiff "to comply with all outstanding discovery demands and to cure the deficiencies and inadequacies of responses as enumerated in the Motion by **December 22, 2011**." [Docket Entry No. 19] (emphasis in original). On December 26, 2011, the County moved to dismiss this case for plaintiff's failure to comply with Magistrate Judge Wall's order and plaintiff's failure to prosecute the action. [Docket Entry No. 30]. Plaintiff has not filed any opposition to the County's motion.

1

On January 4, 2012, the Court issued an order directing plaintiff to "show cause why the complaint should not be dismissed for failure to comply with a court order and failure to prosecute by filing written objections . . . no later than Friday, January 6, 2012 at five o'clock in the afternoon (5:00 p.m.)." Plaintiff was explicitly warned that if he failed to file objections, the case would be dismissed with prejudice. [Docket Entry No. 21]. Plaintiff failed to file any objections to the order to show cause, and has failed to make any contact with the Court since that time. The County renewed its motion to dismiss on January 9, 2012. [Docket Entry No. 22].

"It is, of course, well established that dismissal pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court . . . ." Harding v. Federal Reserve Bank of N.Y., 707 F.2d 46, 50 (2d Cir. 1983) (citing cases). The district court considers five guiding rules in determining whether dismissal is appropriate:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less drastic than dismissal [would be appropriate]."

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). "Generally, no one factor is dispositive." Nita v. Conn. Dep't of Env. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

Plaintiff has failed to participate in discovery, see Docket Entry No. 17, failed to oppose the County's motion to dismiss, and failed to comply with at least two (2) court orders. Plaintiff's failures to participate in discovery have spanned a number of months. Although the County served its first discovery requests upon plaintiff on July 8, 2011, plaintiff did not respond

to those requests until November 21, 2011, more than a week *after* his deposition had been scheduled to take place. The County states that plaintiff's delayed responses were "grossly inadequate" and failed to attach documents referenced therein. Although discovery was scheduled to close yesterday, on February 7, 2012, and a final pretrial conference is scheduled for February 22, 2012, there is no indication that plaintiff has attempted to remedy these failures or otherwise attempted to prosecute this case. Thus, the first factor weighs in favor of dismissal.

The second factor also weighs in favor of dismissal. The Court's January 4, 2012 order explicitly warned plaintiff that this case would be dismissed if he failed to comply with its directive. Although more than one (1) month has passed, plaintiff has failed to respond to the Court's order.

Third, defendants are likely to be prejudiced by further delays in the proceedings. "Prejudice to a defendant may be presumed when it is the result of unreasonable delay by the plaintiff," and the "failure to provide discovery can also supply 'evidence of actual prejudice.'" Pichardo v. N.Y. Univ., No. 07 Civ. 6034, 2008 WL 4778351, at *4 (S.D.N.Y. Oct. 31, 2008). "Plaintiff's continuing silence and refusal to cooperate with opposing counsel can only be described as unreasonable." Id. Moreover, the incident underlying this case allegedly occurred in May 2008, close to four (4) years ago. Delaying the resolution of this case would prejudice defendants by increasing the risk of faded memories and unavailability of witnesses.

The fourth factor also weighs in favor of dismissal. "[W]hen a plaintiff displays a complete lack of interest in the prosecution of her own case, a court may conclude that the plaintiff has forfeited the right to argue a denial of due process." Pichardo, 2008 WL 4778351, at *5; see also Center for Monitoring Impact of Peace, Inc. v. Center for Monitoring Impact of

3

Peace, R.A., No. 06 CIV. 2390, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) ("Continuing to issue order after order consumes judicial resources and to date has not compelled any progress in the prosecution of this lawsuit."); Zinnamon v. Outstanding Bus Co., No. 08-CV-1787, 2009 WL 3048722, at *5 (E.D.N.Y. Sept. 23, 2009) ("[t]he interest of justice is not served by giving plaintiff unlimited chances to obey the Court's orders . . .").

Fifth, and finally, plaintiff has ignored several court orders and has utterly failed to participate in this case. For those reasons, the Court does not believe that lesser sanctions would be effective or appropriate.

The Court has considered the applicable factors and finds that they weigh in favor of dismissal. Accordingly, this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b). See O'Neill v. Chase Manhattan Bank, N.A., No. 09-cv-4778, 2010 WL 2787585 (E.D.N.Y. July 12, 2010). The Clerk of Court is directed to close this case.

**SO ORDERED.**

/Sandra J. Federstein
United States District Judge

Dated:     February 8, 2012
             Central Islip, New York